[L. A. No. 4055. Department Two.—January 19, 1918.]

E. D. McSWEENEY, Appellant, v. MARY JOSIE HYNES
et al., Respondents.

SPECIFIC PERFORMANCE—ORAL AGREEMENT FOR THREE YEARS' LEASE—
FINDINGS SUSTAINED.—In an action for specific performance of
an alleged oral agreement to give a lease of land for three years, at
one thousand dollars a year, evidence examined and found sufficient
to justify the findings of the court that there was no agreement
to give a lease for three years at one thousand dollars a year, but
there was an agreement to rent the premises for one year at $750.

ID.—FINDINGS—SUFFICIENCY OF FINDING ON ISSUE RAISED.—In such
action where upon a second cause of action an issue was raised
as to whether or not there was a renewal lease for a year at three
hundred dollars, a finding of the court that there was a renewal
lease for one year at a rental of $750, is a sufficient finding on that
subject.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

J. E. Hannon, for Appellant.

M. J. McGarry, for Respondents.

WILBUR, J.—Appeal from a judgment in favor of de-
fendants and from an order denying plaintiff's motion for
new trial.

Plaintiff states his cause of action in two counts, the first
an action to compel the specific performance of a verbal
agreement to give a three-year lease of certain land known
and designated as lot 4 of tract 1812 at an annual rental
of one thousand dollars. The second count is based upon
the renewal of a previous verbal lease for one year which
expired December 1, 1913, it being alleged that "the said
lease was renewed for the term ending December 1, 1914, on
the same terms and rental as the said lease ending December
1, 1913," namely at a yearly rental of three hundred dollars,
payable in advance. It is admitted that the plaintiff was in
possession for the year ending December 1, 1913, and has
ever since remained in possession of the premises. It is

admitted that he has paid rental therefor amounting to one thousand dollars, $250 of which the defendants have offered to return. The court found that there was no agreement to give a lease for three years at one thousand dollars per annum, but that there was an agreement to lease the premises for one year at a rental of $750. Appellant complains that no finding was made upon the issue as to whether or not there was a renewal lease for a year at three hundred dollars per annum, but the finding of the court that there was a renewal lease for one year at a rental of $750 per annum is a sufficient finding on that subject. The next point raised is that the evidence is insufficient to justify the finding that there was an agreement to rent the premises for one year at $750 per year. The evidence shows that from December 16, 1913, to April 11, 1914, negotiations were in progress between the parties. Plaintiff testifies that an agreement was made to lease him the premises at one thousand dollars per year for three years on December 16th. This is denied by the defendant, who immediately and repeatedly refused to sign a three-year lease. It is clearly shown that negotiations were in progress for a lease until April 11th, at which time the defendant Mary Josie Hynes, having received an account from the plaintiff showing that he claimed to have paid on her account the sum of five hundred dollars, as final payment of the one thousand dollars due on the first year of the three-year lease, replied that she would not accept such payment, but would repay to him the sum of $250 as shown in his account, and retain the balance as final payment on a one-year lease at $750 per annum. In pursuance of the negotiations, and before a final agreement had been made, the defendant erected a pumping-plant on the premises for pumping irrigation water which during said negotiations she agreed to furnish to the plaintiff. This fact accounts for the increased rental. Under all the circumstances, which need not be set forth in detail, we are satisfied that the trial court was justified in its findings.

Judgment and order appealed from are affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.